## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **Case No.   3:20-CV-105** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **(1) FORTY-TWO THOUSAND, SIX HUNDRED FIFTY DOLLARS IN UNITED STATES CURRENCY ($42,650.00),** | : : : : | **VERIFIED COMPLAINT FOR FORFEITURE IN REM** |
| | : | |
| **(2) FOUR THOUSAND, NINE HUNDRED SIXTY DOLLARS IN UNITED STATES CURRENCY ($4,960.00),** | : : : : | |
| | : | |
| **(3) ONE 2017 CADILLAC ESCALADE, VIN: 1GYS4JKJ1HR134879, WITH ALL ATTACHMENTS THEREON,** | : : : | |
| | : | |
| **(4) ONE 2015 DODGE CHALLENGER, VIN: 2C3CDZFJ1FH733382, WITH ALL ATTACHMENTS THEREON,** | : : : | |
| | : | |
| **(5) ONE 2008 DODGE CHARGER, VIN: 2B3KA73W78H104802, WITH ALL ATTACHMENTS THEREON,** | : : : | |
| | : | |
| **and** | : | |
| | : | |
| **(6) ONE PAIR OF CARTIER SUNGLASSES,** | : : | |
| | : | |
| **Defendants.** | : | |

Plaintiff, United States of America, by its undersigned counsel, alleges the following for its action against the defendants in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure.

## NATURE OF THE ACTION

1.      This is a civil action *in rem* brought to enforce 21 U.S.C. § 881(a)(4), which

provides for the forfeiture to the United States of:

> All conveyances, including aircraft, vehicles, or vessels, which are used, or are
> intended for use, to transport, or in any manner to facilitate the transportation, sale,
> receipt, possession, or concealment of property described in paragraph (1), (2), or
> (9);

and/or 21 U.S.C. § 881(a)(6), which provides for the forfeiture to the United States of:

> All moneys, negotiable instruments, securities, or other things of value furnished
> or intended to be furnished by any person in exchange for a controlled substance or
> listed chemical in violation of this subchapter, all proceeds traceable to such an
> exchange, and all moneys, negotiable instruments, and securities used or intended
> to be used to facilitate any violation of this subchapter.

## THE DEFENDANTS IN REM

2.      Defendant 1 is Forty-Two Thousand Six Hundred Fifty and 00/100 Dollars

($42,650.00) in United States Currency.    On or about September 26, 2019, the Drug Enforcement

Administration ("DEA") seized Defendant 1 from the residence of Bryan Barney, located at 4140

Rundell Drive, Dayton, Ohio, pursuant to a federal search warrant.    The United States has

deposited Defendant 1 into the Seized Asset Deposit Fund, where it will remain during the

pendency of this action.

3.      Defendant 2 is Four Thousand Nine Hundred Sixty and 00/100 Dollars ($4,960.00)

in United States Currency.    On or about September 26, 2019, the DEA seized Defendant 2 from

a vehicle (Defendant 3) parked in the driveway of Bryan Barney at 4140 Rundell Drive, Dayton,

Ohio, pursuant to a federal search warrant.    The United States has deposited Defendant 2 into the

Seized Asset Deposit Fund, where it will remain during the pendency of this action.

4.      Defendant 3 is a 2017 Cadillac Escalade, VIN: 1GYS4JKJ1HR134879, with all

attachments thereon.    On or about September 26, 2019, the DEA seized Defendant 3 at the

2

residence of Bryan Barney, located at 4140 Rundell Drive, Dayton, Ohio, pursuant to a federal search warrant. The DEA transferred custody of Defendant 3 to a property custodian of the United States Marshals Service ("USMS"), where it will remain during the pendency of this action.

5.     Defendant 4 is a 2015 Dodge Challenger, VIN: 2C3CDZFJ1FH733382, with all attachments thereon. On or about September 26, 2019, the DEA seized Defendant 4 at an apartment, located at 21 Valleyview Drive, Dayton, Ohio, pursuant to a federal search warrant. The DEA transferred custody of Defendant 4 to a property custodian of the USMS, where it will remain during the pendency of this action.

6.     Defendant 5 is a 2008 Dodge Charger, VIN: 2B3KA73W78H104802, with all attachments thereon. On or about September 26, 2019, the DEA seized Defendant 5 from Quentin Robinson in the parking lot at the Best Western Plus Hotel, located at 8099 Old Yankee Street, Dayton, Ohio. The DEA transferred custody of Defendant 5 to a property custodian of the USMS, where it will remain during the pendency of this action.

7.     Defendant 6 is a pair of Cartier sunglasses. On or about September 26, 2019, the DEA seized Defendant 6 from the residence of Crawford Bogle, located at 22 East Siebenthaler Avenue, Dayton, Ohio, pursuant to a federal search warrant. The DEA transferred custody of Defendant 6 to a property custodian of the USMS, where it will remain during the pendency of this action.

## JURISDICTION AND VENUE

8.     Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendants under 21 U.S.C. § 881(a)(4) and/or (6). This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345 and over an action for forfeiture under 28 U.S.C. § 1355(a).

9.     This Court has *in rem* jurisdiction over the defendants under 28 U.S.C. § 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture occurred in the Southern District of Ohio.

10.     Venue is proper in this district under 28 U.S.C. § 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture occurred in the Southern District of Ohio and under 28 U.S.C. § 1395 because the defendants were found in the Southern District of Ohio.

## BASIS FOR FORFEITURE

11.     The defendants are subject to forfeiture under 21 U.S.C. § 881(a)(6) because they represent property furnished or intended to be furnished in exchange for a controlled substance, represent proceeds traceable to such an exchange, or were used or intended to be used to facilitate any violation of 21 U.S.C. § 841 or a conspiracy to commit such offense, in violation of 21 U.S.C. § 846.

12.     Defendants 3, 4, and 5 are subject to forfeiture under 21 U.S.C. § 881(a)(4) because they were used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in 21 U.S.C. § 881(a)(1).

## FACTS

13.     Beginning in or around late 2018, the DEA developed information identifying a large-scale drug trafficking organization ("DTO") operating in Dayton, Ohio. The investigation has identified Crawford Bogle as the center of the DTO. Members of the DTO include, among others, Bryan Barney, Donte Williams, Quentin Robinson, and Savon Pope. The investigation has revealed that the DTO has distributed bulk amounts of methamphetamine, fentanyl, heroin, and cocaine throughout the Miami Valley. In doing so, the DTO used at least fourteen different

4

locations for processing drugs, storing drugs, concealing drug proceeds, and/or facilitating the sale of drugs.

14.     Crawford Bogle ("Bogle") has a history of controlled substance violations, and while he was in prison, his nephew, Savon Pope, continued the operations of the DTO.

15.     As background, in January 2019, DEA agents intercepted a money parcel at a FedEx facility in Dayton, Ohio, which agents connected to Bogle.    Upon the execution of a search warrant for the package, the DEA discovered $25,000.00 in United States currency.

16.     On or about April 23, 2019, DEA agents established surveillance at a Shell gas station in Vandalia, Ohio.    Agents saw Bogle arrive at the station in a truck and park at a pump. Agents then observed Bogle exit the truck carrying a bag, which he placed in a trash can.    DEA agents retrieved Bogle's bag and discovered approximately $32,070.00 in banded United States currency, which is consistent with drug trafficking.

17.     Two days later, agents participated in a second money pick-up, this time with Savon Pope ("Pope") and Quentin Robinson ("Robinson").    During a recorded telephone conversation, Pope indicated that he intended to deliver between $80,000.00 and $100,000.00 in United States currency.    Pope advised that he would send his cousin, Robinson, to deliver the drug proceeds. Consistent with Pope's representations, Robison delivered a shoebox containing approximately $79,920.00 in United States currency to an undercover agent who was posing as a drug money courier.

18.     On or about May 19, 2019, DEA agents witnessed Pope exit a known stash house carrying a weighted bag that he gave to Bryan Barney ("Barney") who was parked in his vehicle outside the residence.    Law enforcement followed Barney as he left the residence and attempted to make a traffic stop, but Barney fled from the officers at a high rate of speed.    Based on their

training and experience, DEA agents believe that Barney fled to avoid the discovery of illegal drugs or drug proceeds in the bag.

19.     During late July 2019, the United States District Court for the Southern District of Ohio entered an order authorizing the interception of wire and electronic communications to and from Bogle's telephone. The intercepted communications confirmed that Bogle, Pope, and associates such as Robinson, Donte Williams ("Williams"), and Barney engaged in almost daily patterns of significant drug trafficking activity.

20.     During late August 2019, Williams participated in a monitored conversation with Bogle. During this call, Williams, who sells drugs on behalf of Bogle, explained that he was earning thousands of dollars from selling drugs to "jays" (a slang term for drug users) at a drug house in east Dayton. Law enforcement later observed foot traffic consistent with drug addicts entering the east Dayton location to acquire drugs and then promptly leaving the area. On one occasion, law enforcement observed two people going to and then departing from the residence. Ohio State Patrol conducted a traffic stop of the duo a short time after they left the location. During the stop, law enforcement recovered 9 grams of fentanyl. The duo confirmed that they had purchased the drugs from the east Dayton location.

21.     In July and August 2019, a confidential source made controlled purchases from Barney. On both occasions, Barney sold suspected fentanyl to a confidential source.

22.     On September 12, 2019, a federal grand jury in the Southern District of Ohio returned an indictment (Case No. 3:19-cr-137-WHR ), charging Crawford Bogle, Savon Pope, Bryan Barney, Donte Williams, Quentin Robinson, and others with various controlled substance violations.

23.     On September 26, 2019, the DEA, assisted by numerous state and local law

enforcement agencies, executed seventeen federal search warrants and nineteen arrest warrants for places and people associated with Bogle's DTO.

24.     While executing the search and arrest warrants at Bryan Barney's residence, located at 4140 Rundell Drive, Dayton, agents recovered approximately 32 grams of marijuana on the kitchen counter.    From a shoebox located in the hallway near the front door, agents seized approximately 66 grams of fentanyl.    In an empty children's bedroom, inside a child's backpack hanging on the closet door, agents located Defendant 1 ($42,650.00 in United States currency). Barney's vehicle, Defendant 3 (2017 Cadillac Escalade, VIN: 1GYS4JKJ1HR134879), was parked in the driveway.    Inside Defendant 3, agents located approximately 60 grams of fentanyl and Defendant 2 ($4,960.00 in United States currency) inside the center console.

25.     Barney's criminal history includes, among other offenses, charges for drug paraphernalia and felony possession of drugs.    Barney is the owner of Luxury Motors of Ohio LLC, a car dealership, which agents believe is laundering money on behalf of the DTO.

26.     The   DEA   seized   Defendant   4   (2015   Dodge   Challenger,   VIN: 2C3CDZFJ1FH733382) at an apartment and known "stash house," located at 21 Valleyview Drive, Dayton, Ohio, pursuant to a federal search warrant.    Agents seized from the location approximately 900 grams of methamphetamine, 140 grams of cocaine, 54 grams of crack cocaine, 753 grams of fentanyl, 97 grams of crystal methamphetamine, loaded firearms, and ammunition.

27.     Throughout the investigation, agents observed Donte Williams driving Defendant 4 to and from 21 Valleyview Drive and recovered miscellaneous paperwork in his name in the vehicle.    Williams has minimal or no legitimate employment.    Defendant 4 is titled in the name of Kisie Lee, who is believed to be a straw purchaser.    Agents recovered the key to Defendant 4 at 5444 Payne Avenue, Dayton, Ohio, where they arrested Williams, but Kisie Lee was not present

7

at the scene.

28.     The DEA seized Defendant 5 (2008 Dodge Charger, VIN: 2B3KA73W78H104802) from Quentin Robinson in the parking lot at the Best Western Plus Hotel, located at 8099 Old Yankee Street, Dayton, Ohio.   Robinson and Pope had rented rooms at the hotel.   Upon Robinson's arrest, agents found the key to Defendant 5 on his person and $3,856.00 in United States currency.

29.     Defendant 5 is titled in the name of Raquel Robin, who is believed to be a straw purchaser.   Agents recovered paperwork in the name of Raquel Robin in Defendant 5. Agents also recovered another current but temporary registration for Defendant 5 in the name of Ni Angel Faircloth.   Robin and Faircloth were not present at the scene.

30.     Robinson's criminal history includes, among other offenses, charges for aiding and abetting the distribution of heroin, aiding and abetting the distribution of a substance containing a detectable amount of heroin, two counts of felony illegal conveyance of weapons, possession of marijuana, and two counts of felony trafficking in drugs.   Robinson has minimal or no legitimate employment.

31.     The DEA seized Defendant 6 from the residence of Crawford Bogle, located at 22 East Siebenthaler Avenue, Dayton, Ohio, pursuant to a federal search warrant.   Inside the residence, agents recovered a small bag of marijuana.   Agents also seized Defendant 6 (a pair of Cartier sunglasses) from the nightstand in the master bedroom.   During the investigation, agents intercepted calls regarding a pair of Cartier Sunglasses that Bogle had purchased and added diamonds to the frame.

32.     Bogle's criminal history includes, among other things, felony marijuana conspiracy-possession with intent to distribute, felony possess with intent to distribute and

8

distribute 100 kilograms or more of marijuana and cocaine, six counts felony possession of drugs, felony permitting drug abuse, and drug paraphernalia. Bogle has minimal or no legitimate income.

33. On December 20, 2019, the DEA received a claim from Luxury Motors of Ohio, LLC and Bryan Barney, through their attorney, asserting an interest in Defendant 1 ($42,650.00 in United currency), Defendant 2 ($4,960.00 in United States currency), and Defendant 3 (2017 Cadillac Escalade, VIN: 1GYS4JKJ1HR134879).

34. On December 24, 2019, the DEA received a claim from Kisie Lee, through her attorney, asserting an interest in Defendant 4 (2015 Dodge Challenger, VIN: 2C3CDZFJ1FH733382).

35. On December 18, 2019, the DEA received a claim from Raquel Robin, asserting an interest in Defendant 5 (2008 Dodge Charger, VIN: 2B3KA73W78H104802).

36. On January 6, 2020, the DEA received a claim from Crawford Bogle, asserting an interest in Defendant 6 (a pair of Cartier sunglasses).

37. Based on the foregoing facts, the defendants are subject to forfeiture under 21 U.S.C. § 881(a)(6) because they represent property furnished or intended to be furnished in exchange for a controlled substance, represent proceeds traceable to such an exchange, or were used or intended to be used to facilitate any violation of 21 U.S.C. § 841 or a conspiracy to commit such offense, in violation of 21 U.S.C. § 846. Further, Defendants 3, 4, and 5 are subject to forfeiture under 21 U.S.C. § 881(a)(4) because they were used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in 21 U.S.C. § 881(a)(1).

## CLAIM FOR RELIEF

WHEREFORE, the plaintiff respectfully requests that:

(a)     the Court find there is probable cause to believe that the defendants have been forfeited to the United States pursuant to 21 U.S.C. § 881(a)(4) and/or (6);

(b)     pursuant to Rule G(3)(b)(i), Supplemental Rules, the Court issue a warrant of arrest *in rem*, directing the United States to arrest and seize the defendants and to retain the same in its custody subject to further order of the Court;

(c)     the Court, pursuant to Rule G(4), Supplemental Rules, direct the United States to give notice to all persons and entities having an interest in the defendants to assert in conformity with the law a statement of any interest they may have, including notice by publication on the official government website, www.forfeiture.gov, for thirty consecutive days;

(d)     the forfeiture of the defendants to the United States be confirmed, enforced, and ordered by the Court;

(e)     the Court thereafter order the United States to dispose of the defendants as provided by law; and

(f)     the Court award the United States all other relief to which it is entitled, including the costs of this action.

<div style="margin-left: 40%;">

Respectfully submitted,

DAVID M. DEVILLERS
United States Attorney

s/Deborah D. Grimes
DEBORAH D. GRIMES (0078698)
Assistant United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
(513) 684-3711 / Fax (513) 684-6385
Deborah.Grimes@usdoj.gov

</div>

## **VERIFICATION**

I, Steven M. Lucas, hereby verify and declare under the penalty of perjury that I am a Special Agent of Drug Enforcement Administration, that I have read the foregoing Verified Complaint for Forfeiture and know the contents thereof, and that the matters contained in the complaint are true to my own knowledge, except those matters stated to be alleged on information and belief and as to those matters, I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, and my investigation of this case.

I hereby verify and declare under the penalty of perjury that the foregoing is true and correct.

_3/17/ 2020_
Date

STEVEN M. LUCAS, Special Agent
Drug Enforcement Administration

11

JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| United States of America | Forty-Two Thousand, Six Hundred Fifty Dollars in United States Currency ($42,650.00), et al. |

| **(b)** County of Residence of First Listed Plaintiff   Montgomery<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant   Montgomery<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
|---|---|
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*<br>Deborah D. Grimes, Assistant United States Attorney<br>221 E. Fourth Street, Suite 400<br>Cincinnati, OH 45202  (513) 684-3711 | Attorneys *(If Known)* |

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☒ 1  U.S. Government
   Plaintiff

☐ 3  Federal Question
   *(U.S. Government Not a Party)*

☐ 2  U.S. Government
   Defendant

☐ 4  Diversity
   *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                                                     Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>  &amp; Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>  Student Loans<br>  (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>  of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>  Liability<br>☐ 320 Assault, Libel &amp;<br>  Slander<br>☐ 330 Federal Employers'<br>  Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>  Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>  Product Liability<br>☐ 360 Other Personal<br>  Injury<br>☐ 362 Personal Injury -<br>  Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>  Product Liability<br>☐ 367 Health Care/<br>  Pharmaceutical<br>  Personal Injury<br>  Product Liability<br>☐ 368 Asbestos Personal<br>  Injury Product<br>  Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>  Property Damage<br>☐ 385 Property Damage<br>  Product Liability | ☒ 625 Drug Related Seizure<br>  of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>  28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br>  New Drug Application<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>  3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>  Corrupt Organizations<br>☐ 480 Consumer Credit<br>  (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer<br>  Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>  Exchange<br>☐ 890 Other Statutory Actions |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease &amp; Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>  Accommodations<br>☐ 445 Amer. w/Disabilities -<br>  Employment<br>☐ 446 Amer. w/Disabilities -<br>  Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>  Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus &amp; Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>  Conditions of<br>  Confinement | ☐ 710 Fair Labor Standards<br>  Act<br>☐ 720 Labor/Management<br>  Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>  Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>  Income Security Act<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>  Actions | **LABOR**<br><br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>  or Defendant)<br>☐ 871 IRS—Third Party<br>  26 USC 7609 | ☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>  Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>  Act/Review or Appeal of<br>  Agency Decision<br>☐ 950 Constitutionality of<br>  State Statutes |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1  Original
   Proceeding

☐ 2 Removed from
   State Court

☐ 3  Remanded from
   Appellate Court

☐ 4 Reinstated or
   Reopened

☐ 5 Transferred from
   Another District
   *(specify)*

☐ 6  Multidistrict
   Litigation -
   Transfer

☐ 8 Multidistrict
   Litigation -
   Direct File

| **VI. CAUSE OF ACTION** | Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:<br>Forfeiture pursuant to 21 U.S.C. § 881(a)(4) & (6)<br>Brief description of cause:<br>Forfeiture |
|---|---|

| **VII. REQUESTED IN**<br>**COMPLAINT:** | ☐ CHECK IF THIS IS A **CLASS ACTION**<br>UNDER RULE 23, F.R.Cv.P. | **DEMAND $** | CHECK YES only if demanded in complaint:<br>**JURY DEMAND:**   ☐ Yes   ☒ No |
|---|---|---|---|

| **VIII. RELATED CASE(S)**<br>**IF ANY** | *(See instructions):*   JUDGE  Walter H. Rice | DOCKET NUMBER  3:19-cr-137 |
|---|---|---|

| DATE<br>03/17/2020 | SIGNATURE OF ATTORNEY OF RECORD<br>s/ Deborah D. Grimes |
|---|---|

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

<table>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>_____</td><td>)</td><td></td></tr>
<tr><td><i>Plaintiff(s)</i></td><td>)</td><td></td></tr>
<tr><td>v.</td><td>)</td><td>Civil Action No.</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>_____</td><td>)</td><td></td></tr>
<tr><td><i>Defendant(s)</i></td><td>)</td><td></td></tr>
</table>

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____            _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

                                                                                                      .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Plaintiff(s)* | ) | Civil Action No. |
| v. | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Defendant(s)* | ) |  |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                                            *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Plaintiff(s)* | ) |  |
| v. | ) | Civil Action No. |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Defendant(s)* | ) |  |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

<div align="center">

**PROOF OF SERVICE**

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

</div>

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Plaintiff(s)* | ) |  |
| v. | ) | Civil Action No. |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Defendant(s)* | ) |  |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Plaintiff(s)* | ) |  |
| v. | ) | Civil Action No. |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Defendant(s)* | ) |  |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                              *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: